Everett W. Harrington, administrator, *vs.* Lillian M. Cousins.

Suffolk.   March 20, 21, 1918. — May 25, 1918.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Carroll, JJ.

*Practice, Civil,* Ordering of verdict. *Evidence,* Presumptions and burden of proof, Relevancy.

At the trial of an action by an administrator of the estate of his mother against his sister for money alleged to have been "received and borrowed" by the defendant from her mother, four items being in issue, there was evidence as to one item that the intestate borrowed such sum from a third person by giving a mortgage upon certain real estate of her own, that the defendant added an amount thereto, that the sums so raised were used to build a house upon the

premises, and that the house and land subsequently were conveyed to the defendant; that, as to the second and third items, money was drawn by the intestate from banks in Boston and sent to the intestate's attorney in Minneapolis, Minnesota, where she then was residing; that, as to the fourth item, the intestate lent to the defendant a sum of money, receiving a note secured by a mortgage and, after being paid interest thereon for ten years, as a gift to the defendant released and discharged the mortgage and note, and that, when such gift was made, the intestate was in Massachusetts, acting with the counsel and under advice of an attorney at law, and the defendant was in Minnesota. *Held*, that a finding for the plaintiff was not warranted and a verdict properly might be ordered for the defendant.

CONTRACT OR TORT, by the administrator of the estate of Sarah L. Harrington, late of Watertown, the mother of the plaintiff and of the defendant, the declaration being in one count for money "received and borrowed" by the defendant. Writ dated July 22, 1915.

In the Superior Court the action was tried before *Quinn*, J. The material evidence is described in the opinion. At the close of the evidence, on a motion by the defendant, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*G. E. Kemp*, for the plaintiff.

*J. L. Harvey*, (*W. J. Bannan* with him,) for the defendant.

DE COURCY, J. The plaintiff as administrator of the estate of his mother, Sarah L. Harrington, seeks to recover from his sister, the defendant, certain sums of money which he claims she has "received and borrowed" from his intestate. The father of these parties died in 1879 and left to their mother his personal property and a life interest in his farm at Watertown. In 1886 the defendant was married and moved to Minneapolis, where she has resided since, with the exception of six years from 1897 to 1903 when she lived in Watertown. For twenty-six years after her marriage, her mother dwelt with her. Mrs. Harrington came to Boston in May, 1912; she remained with her sister Mrs. Bemis until March, 1913, and stayed at the farm in Watertown (which has been the plaintiff's home since 1886) until July 13, 1913. She then was removed to the Westborough State Hospital, where she died on February 6, 1914, at the age of eighty-two years.

1. The first item of the bill of particulars is, "to cash, $2,000." The evidence shows that the $2,000 referred to was a mortgage loan raised by Mrs. Harrington on a lot of land in Minneapolis owned by her, and was expended in the erection of a house thereon.

The money was not lent to nor received by the defendant; on the contrary she and her husband advanced an additional $1,000 to complete the building. If there is any question as to the validity of the subsequent conveyance of this land to the defendant (in 1910) it is not open in this action.

2. The second and third items (cash $1,060.07 and $497.13) relate to money of the intestate which was drawn from banks in Massachusetts in January, 1911, and forwarded to Mr. Deutch, her attorney in Minneapolis. There is not the slightest evidence that Mr. Deutch paid any of it to or for the benefit of the defendant. Even assuming that the $300, which was paid by Mrs. Harrington to the defendant on account of board, came from these funds, it is not contended that she is under any obligation to repay that sum.

3. The plaintiff has argued a claim for $1,500 which was not included in his bill of particulars but was considered at the trial. It appears that when the defendant was building a residence at Minneapolis in 1887 she received a loan of that amount from her mother. But the uncontradicted evidence is that, after receiving interest on this loan for ten years, Mrs. Harrington made a gift of the money to the defendant, and released the mortgage which was given as security.

Evidence bearing upon the weakening of the intestate's mental capacity especially after May, 1912, and of alleged undue influence, seems to have been admitted without objection. The only transaction to which it could be relevant was the gift of said note and mortgage of $1,500. It is enough to say that the evidence would not warrant a finding that this gift was invalid by reason of mental incapacity of Mrs. Harrington, or of any undue influence exercised by her daughter. Apparently when the papers were executed, the defendant was in Minneapolis and her mother was at Winthrop, Massachusetts, acting willingly, with much deliberation, and aided by the advice of her attorney.

It is unnecessary to consider in detail the plaintiff's requests for instructions, as there was no evidence to warrant a verdict in his favor, and the trial judge rightly directed a verdict for the defendant.

*Exceptions overruled.*